UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ROGER DALE DAVIS, JR.** | **CIVIL ACTION NO. 3:16-cv-358** |
| **LA. DOC #485713** | |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE S. MAURICE HICKS** |
| **WARDEN KEITH DEVILLE** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* Petitioner Roger Dale Davis, Jr., an inmate in the custody of the Winn Correctional Center in Winnfield, Louisiana, filed the instant Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 17, 2016. [doc. # 1]. Petitioner attacks his April 23, 2012, convictions for one count of attempted first degree murder on a peace officer, possession of a firearm by a convicted felon, conspiracy to commit simple burglary, attempted simple burglary, obstruction of justice, and 4 counts simple burglary, and his sentence of sixty-five (65) years at hard labor imposed thereon by Louisiana's Third Judicial District Court, Lincoln Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Background

On April 23, 2012, Petitioner, Roger Dale Davis, Jr., pleaded guilty to 1 count of attempted first degree murder on a peace officer, possession of a firearm by a convicted felon, conspiracy to commit simple burglary, attempted simple burglary, obstruction of justice, and 4 counts of simple burglary. He was sentenced to hard labor for a period of sixty-five (65) years. Petitioner did not appeal his convictions.

On April 15, 2013, Petitioner filed a *pro se* application for post-conviction relief in the

Third Judicial District Court raising five claims: 1) he was denied effective assistance of counsel as a result of the trial court's denial of his request for a state-funded expert; 2) he was denied his right to confrontation because of the court's denial of his request for a state-funded expert; 3) he was denied effective assistance of counsel because counsel failed to timely file a motion to recuse the Assistant District Attorney and for a change of venue; 4) he was denied effective assistance of counsel "due to counsel's failure to present a viable defense"; and 5) his sentence was unconstitutionally excessive. [doc. #23-2, pp. 28, 85-86].

On December 29, 2014, the trial court denied post-conviction relief. [doc. #1-3]. The court found that, by pleading guilty, Petitioner waived his right to a jury trial, his right to confrontation, and all nonjurisdictional defects in the pre-plea proceedings. *Id.* at 1. The trial court further held that the record was devoid of any evidence that Petitioner's plea was involuntary or inadequate, and that Petitioner failed to show his counsel was in any way deficient under *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 2.

On February 20, 2015, Petitioner filed a *pro se* writ application with the Second Circuit Court of Appeal which was denied on April 9, 2015. *Id.* at 4.

On February 19, 2016, the Louisiana Supreme Court issued a per curiam opinion denying Davis' petition for supervisory writ. [doc. #23-3, p. 5]. The Supreme Court held that Petitioner failed to show he was denied effective assistance of counsel during plea negotiations, and that his sentencing claims were not cognizable on collateral review. *Id.* As to the rest of his claims, the Supreme Court held that Petitioner failed to satisfy his post-conviction burden of proof under Louisiana Code of Criminal Procedure article 930.2. *Id.*

Petitioner timely filed the instant petition on March 17, 2016, raising three claims for relief from his April 2012 guilty plea. [doc. #1]. First, Petitioner contends that he was denied

2

effective assistance of counsel because the trial court denied his motion for a state-funded expert to assist in trial preparation. Second, Petitioner claims that his right to confrontation was violated when, as a result of being denied a state-funded expert, he was unable to cross examine the victim officer who gave a statement concerning the angles of the shots fired. Third, Petitioner argues that he was denied effective assistance of trial counsel when defense counsel failed to timely file a motion to recuse the Assistant District Attorney and a motion for a change of venue.

The matter is now before the Court.

## Law and Analysis

I.      **Standard of Review – 28 U.S.C. § 2254**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2254, governs *habeas corpus* relief. The AEDPA limits how a federal court may consider *habeas* claims. After the state courts have "adjudicated the merits" of an inmate's complaints, federal review "is limited to the record that was before the state court[.]" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). An inmate must show that the adjudication of the claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting

*Williams v. Taylor*, 529 U.S. 362 (2000)). "The 'contrary to' requirement refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 740. Under the "unreasonable application" clause, a federal *habeas* court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id.* at 741.

Section 2254(d)(2) speaks to factual determinations made by the state courts. Federal courts presume such determinations to be correct; however, a petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). AEDPA has put into place a deferential standard of review, and a federal court must defer to a state court adjudication on the merits. *Valdez v. Cockrell*, 274 F.3d 941, 950 (5th Cir. 2001). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

**II.   Petitioner's Claims**

Petitioner raises three claims: (1) that he was denied effective assistance of counsel because the trial court denied his motion for a state-funded expert; (2) that he was denied effective assistance of counsel because his lawyer failed to timely file motions to recuse the Assistance District Attorney and for change of venue; and (3) that he was denied his right to confrontation as a result of the state court's denial of his motion for a state-funded expert. However, Davis entered a guilty plea to the underlying charges. Thus, the Court must first determine whether that guilty plea was voluntary and intelligent, and, if so, whether Davis has

waived any of his *habeas* claims.

      *A. Petitioner's Guilty Plea was Voluntary and Intelligent*

      It is well-established that criminal defendants have only a limited ability to challenge a conviction entered pursuant to a guilty plea. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *McMann v. Richardson*, 397 U.S. 759, 770 (1970). "[W]hen a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings." *U.S. v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008) (citing *U.S. v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007)). A ruling on a pretrial motion, even if erroneous, is a non-jurisdictional defect that is waived by an unconditional guilty plea. *U.S. v. Coil*, 442 F.3d 912, 914 (5th Cir. 2006). Ineffective assistance of counsel claims are also waived, unless such assistance "directly affected" the validity of the waiver of constitutional rights or the plea itself. *U.S. v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

      When an accused enters a guilty plea, he waives his right to testify on his own behalf, the right to a jury trial and the right to confrontation. *Fisher v. Wainwright*, 584 F.2d 691, 692 (5th Cir. 1978). A federal court will uphold a guilty plea challenged in a *habeas* proceeding provided the plea is shown to have been knowing, voluntary, and intelligent. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A guilty plea is considered knowing and voluntary and intelligent so long as a defendant has been advised and indicates that he knows and is aware of "the maximum prison term and fine for the offense charged." *Ables v. Scott*, 73 F.3d 591, 592 n. 2 (5th Cir.1996) (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir.1990)). Thus, if the *habeas* petitioner "understood the length of time he might possibly receive, he was fully aware of his plea's

5

consequences." *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir.1982). Put another way, a guilty plea is considered "voluntary" if it is made by a defendant who is "'fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel'" and who has not been "induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.* bribes)." *Brady v. United States*, 397 U.S. 742, 755 (1970) (quoting *Shelton v. United States*, 246 F.2d 571, 572 n. 2 (5th Cir.1957)).

When analyzing a collateral attack on a guilty plea entered pursuant to a plea bargain, "the representations of the defendant, his lawyer, and the prosecutor at [the original plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Moreover, prior attestations of voluntariness are not an absolute bar to relief, although they impose on the Petitioner a heavy burden. *U.S. v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1984). A *habeas* petitioner must show that his plea was "so much the product of . . . misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Blackledge*, 431 U.S. at 75.

As part of his ineffective assistance of counsel claim, Davis attempts to argue that he would not have pleaded guilty if the state would have provided him a state-funded expert to assist in cross-examination of the peace officer regarding the angle of the shots fired at him. The victim officer, Corporal Canty, provided a statement that "He saw two muzzle flashes come from the back/rear or back corner of the vehicle, that he then turned to avoid being hit a third time."

6

[doc. #1, p. 9]. Davis contends that this statement indicates that the shots were fired from where his co-defendant, Tyrone Fields, was positioned in the car. *Id.* It was the State's position, however, that Davis fired the shots while leaning back in the front passenger seat.

Davis' claim that his plea was involuntary is unconvincing. To the contrary, the transcript of the plea colloquy confirms that the Petitioner's guilty plea was knowing, voluntary, and intelligent, and that he understood that he was waiving his right to a jury trial and his right to confrontation. The trial court recited the terms of the plea agreement, in pertinent part, as follows:

> THE COURT: All right. Mr. Davis, do you wish to enter pleas of guilty as has been represented to me by the attorneys?
>
> THE DEFENDANT: Yes, sir.

[doc. #23-2, pp. 50-51]. After ascertaining Davis' educational background, the Court discussed the sentence that would be imposed, as follows:

> THE COURT: Now, bottom line and what has been represented to me is that you will enter a plea of guilty to attempted first degree murder and on that charge you will be sentenced to be imprisoned at hard labor for a period of fifty years without benefit of probation, parole or suspension of sentence. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

*Id.* at 54.

> THE COURT: All right. Now, the other charges, possession of a firearm by a convicted felon, you will be given a fifteen-year sentence; conspiracy to commit simple burglary, you'll be given a six-year sentence; on four counts of simple burglary, you'll be given sentences of twelve years each; on the attempted burglary, you'll be given a sentence of six years. All of those sentences will run concurrently one with the other. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

> THE COURT: Now, then on the obstruction of justice charge, you will be given a sentence of fifteen years. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Now, is that your agreement in this case? You need to answer loud and clear.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Has anybody told you your sentence would be any different than what I just stated to you and what has been stated on this record?
>
> THE DEFENDANT: No, sir.

*Id.* at 55. The Court then made sure Petitioner understood that his fifteen-year sentence for obstruction of justice would be consecutive. *Id.* at 68. After walking Petitioner through the elements and maximum punishments of each crime that Petitioner was pleading guilty to, the following colloquy, in pertinent part, took place:

> THE COURT: All right. Now, do you understand that when you enter pleas of guilty, you waive, that is, give up your constitutional and other rights?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that you have the absolute right to plead not guilty and to persist in a plea of not guilty whether you're guilty or not?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that you have the right to have a trial or a hearing to determine whether you were actually guilty of these crimes?
>
> THE DEFENDANT: Yes, sir.

*Id.* at 69.

> THE COURT: Do you understand that in your case you would have the right to have a jury decide whether you're guilty or not?

| | |
|---|---|
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you understand that because you're pleading guilty, you're giving up your right to have a trial on these matters and you're also giving up the right to have an attorney with you at the trial on these matters? |
| THE DEFENDANT: | Yes, sir. |

*Id.* at 69-70.

| | |
|---|---|
| THE COURT: | Now, do you understand that you have the right to confront your accusers face to face in open court and to challenge their testimony? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you understand you have the right to have your attorney, Mr. Candler, cross-examine any witnesses that may testify against you? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you understand that you have the right to compel your own witnesses to come down here to tell your side of the story? |
| THE DEFENDANT: | Yes, sir. |

*Id.* at 70.

| | |
|---|---|
| THE COURT: | Have you understood all these rights? |
| THE DEFENDANT: | Yes, sir. |

*Id.* at 71. The Petitioner went on to say, again, that he wished to plead guilty to all counts. *Id.* at 71-72. The Court then stated, "Do you understand that by entering these pleas, you're waiving all the constitutional and other rights I have explained to you?" and Petitioner responded, "Yes, sir." *Id.* at 72. The Court asked again, "Do you waive those rights and enter these pleas of guilty at this time?" to which Petitioner responded, "Yes, sir." *Id.* at 72-73.

The Court then examined Petitioner to determine if his plea was voluntary:

9

>   THE COURT: Have you been threatened, forced or coerced in any way to enter these pleas?
>
>   THE DEFENDANT: No, sir.
>
>   THE COURT: Are you entering these pleas freely and voluntarily because you're in fact guilty of these crimes?
>
>   THE DEFENDANT: Yes, sir.

*Id.* at 73. Davis then signed the "Plea of Guilty and Waiver of Constitutional Rights Form," and confirmed that it was his signature on the document. *Id.* at 76.

By his own admission, under oath, Davis stated that he understood the sentence being imposed on him, and that he was waiving his constitutional rights to a jury trial and confrontation. It is evident that the trial court conducted a very thorough *Boykin* examination to ensure that Petitioner was making a voluntary and intelligent guilty plea, and that Petitioner understood he was waiving his constitutional rights. The trial court was "of the firm opinion that Mr. Davis . . . made knowing, intentional and voluntary waivers of his constitutional and other rights, [and] that his pleas have been freely and voluntarily entered . . . ." [doc. #23-2, p. 79]. Based on the record, the undersigned also finds that Petitioner's plea was voluntary and intelligent, and that he understood the rights he was waiving, notwithstanding the fact that defense counsel's motion for a state-funded expert was denied.

Accordingly, the Court concludes that Davis has waived his right to confrontation by pleading guilty, and federal habeas review of Petitioner's confrontation claim is barred. Petitioner's claim that he was denied his right to confrontation should be **DENIED**.[1]

---

[1] AEDPA's deferential standard only applies to claims adjudicated on the merits by the state courts. Petitioner contends that the state court violated his "constitutional right to judicial review" by failing to consider his confrontation claim on the merits. Davis thus requests a *de novo* review of this claim. This argument is unavailing. As described above, after a thorough

The Court also concludes that Petitioner has waived both of his ineffective assistance of counsel claims, as neither claim relates to the validity of Petitioner's guilty plea. However, out of an abundance of caution, the Court will consider the merits of each claim.

*B. Claim One: Ineffective Assistance of Counsel Because Petitioner was Denied a State-Funded Expert*

Petitioner claims that he received ineffective assistance of counsel because his lawyer's motion for a state-funded expert to assist in Petitioner's trial preparation was denied. Petitioner claims that he needed expert services to determine the angle of any gun shot injuries the victim officer, Corporal Canty, received. He asserts that the expert would have shown that the shots came from where Petitioner's co-defendant, Tyrone Fields, was positioned in the vehicle. After a hearing was held on April 13, 2012, the trial court denied Petitioner's request for a state-funded expert over defense counsel's objection.

Ineffective assistance of counsel claims may be considered under 28 U.S.C. § 2254. *See Clark v. Thaler*, 673 F.3d 410 (5th Cir. 2012); *Amos v. Thornton*, 646 F.3d 199 (5th Cir. 2011). Substandard advice of counsel rises to a constitutional violation only if the substandard conduct deprives the petitioner of his constitutional right to a fair trial or deprives the petitioner of some

---

*Boykin* examination, the trial court found that Davis understood the charges against him, the sentences being imposed, and that he was waiving his right to confrontation, along with other constitutional rights. On post-conviction relief, the trial court held that Petitioner's plea was voluntary, intelligent, and that he knowingly waived his right to confrontation. The Louisiana Supreme Court held that petitioner failed to satisfy his post-conviction burden of proof.

Whether Petitioner knowingly and intelligently waived his right to confrontation is a "legal question" reviewed under § 2254(d)(1), *i.e.*, the Court must defer to the state court's decision unless Petitioner's waiver was contrary to, or involved an unreasonable application of clearly established Supreme Court precedent. *See Harris v. Cain*, No.14-951, 2015 WL 5059884, *3 (E.D. La. Aug. 19, 2015); *Pierre v. Leger*, 495 Fed. App'x 403, 405 (5th Cir. 2012). Thus, a deferential standard of review is given to the state court's determination that Davis entered a voluntary and intelligent guilty plea.

other constitutional right. *Strickland v. Washington.*, 466 U.S. 668, 686-87 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's actions fell below an objective standard of reasonableness and that the ineffectiveness of counsel prejudiced him. *Id.*

If the petitioner does not make a sufficient showing as to one prong of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). The prongs of the test also need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997). Furthermore, "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

In applying the first prong of *Strickland*, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *See Strickland*, 466 U.S. at 689-90. The petitioner must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Id.* at 690; *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994).

The second prong, in the context of guilty pleas, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

As the state trial court concluded, Petitioner has failed to meet the initial requirement of *Strickland*—that his counsel's actions were incompetent or deficient. Defense counsel filed a motion for a continuance, arguing that Davis should be provided a state-funded expert to

12

determine the angle of any injuries Corporal Canty received from shots fired. [doc. #23-2, p. 59]. Defense counsel argued that the expert was "vital to the defense" of Defendant and necessary to provide him a "fair and impartial trial based on the facts and evidence." *Id.* After arguments were heard, the state trial court denied defense counsel's motion and a state-funded expert was not provided. *Id.* at 12.

The facts demonstrate that defense counsel brought forth the motion for a state-funded expert and argued zealously on Petitioner's behalf. Defense counsel's actions clearly were not deficient in this regard, and the fact that the trial court denied defense counsel's motion does not render his assistance ineffective. In fact, Petitioner's habeas petition does not argue that defense counsel's actions were deficient. He claims that "the Court should have authorized the hiring of the expert at the expense of the State," and "petitioner would have proceeded to trial and not pled guilty" had the court done so. [doc. #1-2, p. 11]. Without identifying any deficient actions *by defense counsel*, Petitioner cannot demonstrate any resulting prejudice. *See Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993) (In the context of guilty pleas, defendant claiming ineffective assistance may establish prejudice only by demonstrating a reasonable probability that, *but for his attorney's errors*, he would not have pleaded guilty and would have insisted upon going to trial).

Petitioner's claim for ineffective assistance of counsel on this basis should be **DENIED**.

*B. Claim Two: Ineffective Assistance of Counsel for Failing to Timely File Motions to Recuse the Assistant District Attorney and for Change of Venue*

Petitioner contends that he received ineffective assistance counsel because defense counsel did not timely file motions for recusal of the Assistant District Attorney or for change of

13

venue.[2]

As described above, to prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's actions fell below an objective standard of reasonableness and that the ineffectiveness of counsel prejudiced him. *Id.* If the petitioner does not make a sufficient showing as to one prong of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). "[M]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

In applying the first prong of *Strickland*, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *See Strickland*, 466 U.S. at 689-90. The petitioner must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Id.* at 690; *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994).

The second prong, in the context of guilty pleas, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v.*

---

[2] Petitioner again requests a *de novo* review of this claim. However, it is clear that the state trial court and Louisiana Supreme Court considered Petitioner's ineffective assistance claims on the merits. The state trial court concluded that Petitioner failed to meet the *Strickland* test, and that "most of the claims of ineffectiveness also do not have any legal basis." [doc. #1-3, p. 1-2]. The Louisiana Supreme Court ruled as follows,
> Denied. Relator fails to show he was denied the effective assistance of counsel during plea negotiations under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.ED.2d 674 (1984). In addition, relator's sentencing claims are not cognizable on collateral review. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172. As to the remaining claims, relator fails to satisfy his post-conviction burden of proof. La.C.Cr.P. art. 930.2.

*Id.* at 5. Accordingly, the Court will apply a deferential standard of review to the state court's conclusions as to Petitioner's ineffective assistance of counsel claims.

*Lockhart*, 474 U.S. 52, 59 (1985). "In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Petitioner has failed to satisfy both prongs of the *Strickland* test. As to the first prong, defense counsel filed a motion for recusal of the Assistant District Attorney and for change of venue, both of which were considered, and denied, by the trial court.[3] Davis filed a lawsuit against the District Attorney's office, as well as a complaint with the Office of Disciplinary Counsel, on or around April 6, 2012, claiming that the Assistant District Attorney had a personal vendetta, and committed defamation of character, against Davis. [doc. #23-3, p. 60]. Defense counsel filed a motion to recuse the Assistant District Attorney on April 13, 2012, just one week later. Thus, it does not appear that defense counsel's motion was untimely. The trial court heard arguments on both motions before denying same, and defense counsel objected to the Court's ruling in each instance. [doc. #23-2, p. 12]. Furthermore, even assuming trial counsel erred in failing to timely file these motions, Petitioner only conclusively asserts that the outcome would have been different without providing a specific showing of how these alleged errors prejudiced his right to a fair trial. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Additionally, as described above, counsel's alleged failure to timely file these pre-trial motions constitutes a non-jurisdictional defect that Davis waived when he pleaded guilty. *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

Petitioner's ineffective assistance of counsel claim on this basis should be **DENIED**.

### III. Alternative Recommendation for Dismissal Under Rule 41

---

[3] On March 23, 2012, and April 13, 2012, respectively, defense counsel filed a motion for change of venue and a motion to recuse the Assistant District Attorney.

On October 3, 2016, the United States Postal Service returned to the Clerk a copy of the court's September 6, 2016, memorandum order, with a notation on the envelope stating "RTS [return to sender] not there." [doc. # 20]. On October 26, 2016, the United States Postal Service returned to the Clerk a copy of the court's October 5, 2016, order granting respondent's motion for extension of time to file an answer, with a notation on the envelope stating "RTS not here." [doc. #22]. Petitioner has not contacted the court since June 2016, and has not advised the court of his present whereabouts.

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED.R.CIV.P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Local Rule 41.3 provides that,

> [t]he failure of an attorney or a pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

Here, more than 30 days have elapsed since correspondences to plaintiff were returned as undeliverable, without any notification by plaintiff as to his current whereabouts.

To the extent that the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice,"

– "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored a rule of this court by failing to update his current address. As plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund an alternative monetary sanction.[4] Moreover, dismissal with prejudice may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action.[5] Finally, plaintiff's unrepentant flaunting of court orders[6] reflects his own contumaciousness or "stubborn resistance to authority"[7] which is personally attributable

---

[4] *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

[5] Certainly, if plaintiff disputes this inference, he may so demonstrate in his objection to the instant report and recommendation.

[6] This report and recommendation itself provides plaintiff with further notice of his non-compliance.

[7] *See Millan, supra*.

to him as a litigant unrepresented by counsel.[8]

Therefore, in the alternative, Plaintiff's complaint should be DISMISSED WITH PREJUDICE in accordance with the provisions of FED.R.CIV.P. 41(b).

**Conclusion**

For the reasons stated above, **IT IS RECOMMENDED** that the Petition for writ of *habeas corpus* filed by Petitioner Roger Dale Davis, Jr., [doc. # 1], be **DENIED and DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

---

[8] While the court is aware that plaintiff is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  *See* 28 U.S.C. § 2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 7th day of February, 2017.

                                             KAREN L. HAYES
                                             UNITED STATES MAGISTRATE JUDGE